IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>LANCASTER COURT OF NEBRASKA, HOLLY J. PARSLEY, Lancaster County Judge; W. RANDALL PARAGAS, Law Offices Attorney; LISA LOMACK, Divorce Wife; and COREY R. STEEL, Judicial Qualifications Commissioner;<br><br>Defendants. | 4:23CV3057<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kenneth W. Clark filed a pro se Complaint on April 17, 2023, Filing No. 1, and a motion for summons on April 21, 2023, Filing No. 5.  Plaintiff was granted leave to proceed in forma pauperis.  Filing No. 6.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and considers the motion for summons currently before this Court.  For the reasons set forth below, the motion for summons shall be denied without prejudice as premature, and, although the Court finds that Plaintiff's Complaint is appropriate for summary dismissal, in lieu of dismissal the Court *sua sponte* shall grant Plaintiff leave to amend.

## I. INITIAL REVIEW

### A. Summary of Complaint

Plaintiff brings his Complaint both as a *Bivens* claim and 42 U.S.C. § 1983. Filing No. 1 at 3. The subject matter of this case arises from Plaintiff's allegations of violations of "due process protection of law . . . statu[t]e law and constitution law" against: Holly J. Parsley, Lancaster County Judge; W. Randall Paragas, "Law Offices Attorney;" Lisa Lomack, "Divorce Wife;" and Corey R. Steel, "Judicial Qualifications Commissioner." *Id.* at 2–4.

The totality of support for his Complaint is provided in the following narrative which alleges the following occurred in the Lancaster County Court on June 1, 2022:[1]

> Incorrect decedent name and Code 30-810[,] 30-2457[,] 30-2223 no will and my dad was divorce wrongful claim violation of due process protection of law I under federal law joint in tennis [sic] joint oldest surviving spouse of a special force military sergeant grandson of a federal judge Joseph Stevenfields Supreme.
>
> . . .
>
> Probate fraud in identity fraud on court and wrongful claim.
>
> . . .
>
> Abuse of deceased father stress me out with all the debt of deceased.

---

[1] Plaintiff also filed the following documents along with his Complaint (the "Exhibits"): a document outlining due process of law and equal protection under the Nebraska Constitution, the text of Nebraska Revised Statutes 30-810, 30-2416, 30-2722, and 30-2209, a copy of a document from Find a Grave database titled "Willie Lomack Jr.," a copy of a "Motion to Amend Letters of Personal Representative and Notice to Creditors" and "Journal Entry and Orders" from Case No. PR21-865, Lancaster Nebraska County Court, and a letter from the Nebraska Judicial Qualifications Commission dismissing a complaint filed by Plaintiff regarding Judge Holly J. Parsley which contain handwritten notes "Statute law Violation law due process of Protection of law." Filing No. 1 at 7–17. While the Court presumes based on the exhibits attached that Plaintiff's claims arise from a probate case in Lancaster County Court, they provide no factual detail or clarification of Plaintiff's claims.

*Id.* at 3–5. Plaintiff seeks $2,000,000 in damages for "wrongful claim and fraud" and seeks to have the "practice license taken away." *Id.* at 5.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Plaintiff brings his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Filing No. 1 at 3. For the reasons set forth below, his claims under either basis cannot proceed as currently pleaded.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, Plaintiff's claims may be considered together. *Id.*

Here, as an initial matter, Plaintiff names Lancaster County Judge Holly J. Parsley, "Judicial Qualifications Commissioner" Corey R. Steel, "Divorce Wife" Lisa Lomack, and

3

attorney W. Randall Paragas as defendants. The Complaint contains no allegations that any of these defendants are federal government officials or were acting under color of federal law. As such, any *Bivens* claim must fail.

Moreover, there is no indication from Plaintiff's Complaint that "Divorce Wife" Lisa Lomack or attorney W. Randall Paragas were acting under color of law in any capacity. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. See *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). A § 1983 claim potentially may be brought against a public defender, or any other private individual, but only if he or she conspires with a state actor to deprive an individual of a federally-protected right." *Longs v. McManaman*, No. 4:18CV3161, 2019 WL 2717714, at *4 (D. Neb. June 28, 2019) (citing *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988)). "The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim." *Dunn v. Hackworth,* 628 F.2d 1111, 1112 (8th Cir. 1980).

Here, while the allegations in the Complaint do not indicate the capacity in which either party was involved in Plaintiff's claims, the allegations fall far short of stating a plausible conspiracy claim for either the attorney or "Divorce Wife" Lisa Lomack (who the Court construes as a private individual). As such, as pleaded, "Divorce Wife" Lisa Lomack and attorney W. Randall Paragas are not proper parties to a § 1983 action and must be dismissed.

Of the remaining defendants, both Holly J. Parsley, Lancaster County Judge, and Corey R. Steel, Judicial Qualifications Commissioner, appear to be state officials acting in their capacities as officers of the Court. However, Plaintiff's claims against both Judge

Parsley and Commissioner Steel, cannot proceed as pleaded.  First, to the extent Plaintiff complains of actions taken by Judge Parsley while she had jurisdiction over Plaintiff, she is absolutely immune from suit here.  *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.")).  Further, assuming Plaintiff is suing Commissioner Steel for his part in the Nebraska Judicial Qualifications Commission's dismissal of Plaintiff's judicial ethics complaint against Judge Parsley, *see* Filing No. 1 at 17, he would arguably be entitled to quasi-judicial immunity, rendering him also immune from suit here. *See Moore v. Yardely*, 376 F. Supp. 3d 1004, 1008–11 (D. Neb. 2019) (member of Nebraska Judicial Qualifications Commission entitled to quasi-judicial immunity for claims based on member's dismissal of plaintiff's judicial complaint).  However, due to the vague and incomprehensible statement of Plaintiff's claims, the Court cannot determine what actions were performed by any defendant, rendering an absolute determination of immunity impossible at this time.

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

5

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, as previously discussed, as pleaded Plaintiffs' Complaint fails to meet this minimal pleading standard. For example, Plaintiff alleges his right to due process was violated, Filing No. 1 at 3, but the Court is unable to ascertain any connection between that general allegation and what defendant or defendants were involved in the alleged violation, nor can it be determined how or when the any alleged violative incident took place, or any detail of the resulting harm. Put another way, the Court is unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific violations or connect the alleged violations with specific defendants.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against each of the Defendants. *Plaintiff should be mindful to clearly explain why any of the Defendants meet the "color of law" standard required as well as what each Defendant did to him, when Defendant(s) did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his

claims against all Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## II. SUMMONS

A court must dismiss the complaint or any portion thereof of a plaintiff proceeding in forma paupers that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Service of process may not take place unless so ordered by the Court after a determination is made that a matter may proceed following an initial review. See Cox v. City of Omaha, No. 8:23CV241, 2023 WL 4364463, at *2 (D. Neb. July 5, 2023). As the Court has determined that this matter may not proceed to service of process at this time, the motion is denied without prejudice as premature.

Accordingly, Plaintiff's motions for summons, Filing No. 5, is denied without prejudice as premature.

IT IS ORDERED:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against each Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against all Defendants will be dismissed without further notice.

    2.       The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.

    3.       The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 8, 2023:** Check for amended complaint.

    4.       Plaintiff's Motion for Summons, Filing No. 5, is denied without prejudice.

    5.       Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 9th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court