IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W CLARK, | |
| Plaintiff, | 4:23CV3057 |
| vs. | |
| LANCASTER COURT OF NEBRASKA, HOLLY J. PARSLEY, Lancaster County Judge; W. RANDALL PARAGAS, Law Offices Attorney; LISA LOMACK, Divorce Wife; and COREY R. STEEL, Judicial Qualifications Commissioner; | MEMORANDUM AND ORDER |
| Defendants. | |

Before the Court is Plaintiff's "Memorandum and Order of Complaint" filed on August 15, 2023.  Filing No. 13.

The Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and finds that it is.  For the reasons set forth below, Plaintiff's Amended Complaint shall be dismissed without prejudice for failure to state a claim on which relief may be granted.

**I.  Procedural History**

Plaintiff filed his Initial Complaint both as a *Bivens* claim and under 42 U.S.C. § 1983, alleging violations of "due process protection of law . . . statu[t]e law and constitution law" against: Holly J. Parsley, Lancaster County Judge; W. Randall Paragas, "Law Offices

Attorney;" Lisa Lomack, "Divorce Wife;" and Corey R. Steel, "Judicial Qualifications Commissioner." Filing No. 1. Plaintiff sought to proceed in forma pauperis, Filing No. 2, which this Court granted on April 24, 2023, Filing No. 6.

On August 9, 2023, this Court performed an initial review, Filing No. 12, of Plaintiff's Complaint (the "Initial Complaint"), Filing No. 1. On Initial Review the Court found that the Initial Complaint contained several pleading deficiencies rendering it subject to summary dismissal under 28 U.S.C. § 1915(e)(2) (the "Initial Review Order"). Filing No. 12. Specifically, this Court found that the Plaintiff failed to plead any allegations establishing any defendant was a federal actor, rendering all *Bivens* claims against all defendants as subject to dismissal, and failed to plead any allegations that "Divorce Wife" Lisa Lomack or attorney W. Randall Paragas were acting under color of law in any capacity, rendering all claims against "Divorce Wife" Lisa Lomack or attorney W. Randall Paragas also subject to dismissal. Filing No. 12 at 3–4. Further, the Court was also unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff did not allege any specific violations or connect the alleged violations with specific defendants. *Id.* at 4. Due to the overall pleading deficiencies, it was also impossible to determine if judicial immunity or quasi-judicial immunity applied to the remaining defendants Holly J. Parsley, Lancaster County Judge, and Corey R. Steel, "Judicial Qualifications Commissioner," based on the vague and incomplete allegations in the Initial Complaint. *Id.* at 4–5.

In lieu of summary dismissal, the Court *sua sponte* granted Plaintiff leave to amend, instructing Plaintiff, if he so chose, to file an amended complaint no later than September 8, 2023, that:

sufficiently describes his claims against each of the Defendants. *Plaintiff should be mindful to clearly explain why any of the Defendants meet the "color of law" standard required as well as what each Defendant did to him, when Defendant(s) did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.*

*Id.* at 6–8 (emphasis in original). Plaintiff was warned that failure to file an amended complaint in compliance with the Initial Review Order would result in dismissal of all claims against all defendants. *Id.* at 8.

On August 15, 2023, Plaintiff filed his only filing into this case since the Initial Review Order: a document titled the "Memorandum and Order of Complaint." Filing No. 13. As the "Memorandum and Order of Complaint" is Plaintiff's only filing into the case since the Initial Review, and as the time to comply with that order has passed, the Court shall construe Filing No. 13 as the "Amended Complaint."

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless

3

the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. DISCUSSION

Plaintiff's Amended Complaint is wholly noncompliant with this Court's prior Order and instructions,[1] consisting only of a series of articles containing discussions about judicial immunity, how to "sue" a judge, and a sample complaint, and Nebraska annotated statutes titled, "[t]heft by unlawful taking or disposition," "[j]ustice or judge; discipline or removal; grounds," "[a]rrest by person not an officer," and "[t]heft by receiving stolen property." Filing No. 13. The Amended Complaint contains no discussion nevertheless any additional factual detail about any of the claims, defendants, or jurisdictional allegations required for any of the claims to proceed and is far from the "short and plain statement" required by Federal Rule of Civil Procedure 8, as discussed in the Initial Review Order. *See* Filing No. 12.

In other words, it appears Plaintiff wholly ignored the Initial Review, providing no additional facts upon which to support his claims. While the Court generally reserves a certain level of leniency for pro se parties, Plaintiff's pro se status does not excuse his failure to comply with the Federal Rules of Civil Procedure and this Court's previous Order. *See, e.g.*, *Michaels v. Nebraska State Bar Assoc.*, 717 F.2d 437 (8th Cir. 1983); *Mangan v. Weinberger*, 848 F.2d 909 (8th Cir. 1988).

---

[1] The Court notes Plaintiff's Amended Complaint was submitted on a handwritten caption form, Filing No. 13 at 1, even though he was provided a Civil Complaint Form on which to file his Amended Complaint, *see* Filing No. 12 at 8.

## IV. CONCLUSION

As Plaintiff's Complaint and both initially and as amended fails to state a claim upon which relief may be granted, this matter must be dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice as Plaintiff's complaints failed to state a claim against any defendant upon which relief may be granted and as Plaintiff failed to comply with this Court's Initial Review Order. The Court will enter judgment by a separate document.

Dated this 26th day of October, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Court