IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W CLARK, | |
| Plaintiff, | 4:23CV3057 |
| vs. | |
| LANCASTER COURT OF NEBRASKA, HOLLY J. PARSLEY, Lancaster County Judge; W. RANDALL PARAGAS, Law Offices Attorney; LISA LOMACK, Divorce Wife; and COREY R. STEEL, Judicial Qualifications Commissioner; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff Kenneth W. Clark's "Motion to Recuse From Case Statue Law Violation" filed on January 22, 2024 (the "Motion to Recuse"), Filing No. 20 (spelling as in original), a supplement to the Motion to Recuse (the "Supplement"), Filing No. 21, and Motion to Appoint Counsel filed on June 13, 2024, Filing No. 22.

The entirety of Plaintiff's Motion to Recuse consists of the following: "Due process of law; equal protection. No person shall be deprived of life, liberty, or property, without due process of law, nor be denied equal protection of the law. Statue [sic] law rules violation 24-722 codes." Filing No. 20. His Supplement consists of copied pages containing the text of Nebraska Revised Statute 25-1919 addressing "Appeals; briefs;

rules; plain error," Nebraska Revised Statute 79-956 addressing "Death of member before retirement; contributions; how treated; direct transfer to retirement plan; death while performing qualified military service; additional death benefit," and Nebraska Revised Statute 28-928 addressing "Mutilating a flag; penalty; flag, defined." Filing No. 21.

Plaintiff's Motion to Recuse and Supplement is nonsensical and does not set forth any reason justifying the undersigned's recusal. Moreover, there are no further proceedings that will take place in this case from which the undersigned would need to recuse as this case has been closed since October of 2023 when the Order and Judgment of Dismissal was entered, and after Plaintiff has sought, and been denied, what this Court construed as reconsideration of his case's closure on two separate occasions. *See* Filing No. 14; Filing No. 15; Filing No. 16; Filing No. 17; Filing No. 18; Filing No. 19. Due to the case being closed there is also no need for counsel to be appointed.[1]

To prevent further wasting of this Court's resources, the Court will prohibit Plaintiff from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents. *See Grady v. Gaddy*, No. 4:19-CV-1701 NCC, 2021 WL 1020766, at *1 (E.D. Mo. Mar. 16, 2021), *aff'd*, No. 21-1860, 2021 WL 8155004 (8th Cir. June 22, 2021) (imposing identical restrictions).

IT IS THEREFORE ORDERED that:

1. Plaintiff's "Motion to Recuse From Case Statue Law Violation," Filing No. 20, and Motion to Appoint Counsel, Filing No. 22, are denied.

2. Plaintiff is prohibited from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

---

[1] The Court notes similar warnings have been issued to Plaintiff in other cases he filed in this Court. *See e.g. Clark v. State*, Case No. 4:14-cv-3192, Filing No. 29.

2

3

3. The Clerk shall not accept any additional documents or motions filed by Plaintiff in this closed action, except for a notice of appeal or appellate documents. If Plaintiff files an additional document or motion, the Clerk shall return it to Plaintiff.

Dated this 27th day of June, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge